**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MICHAEL SHADOAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-05-818 |
| WORLD INFORMATION TECHNOLOGY SOLUTIONS LLC, *et al.*, | * | |
| Defendants. | * | |

\*\*\*\*\*

## MEMORANDUM OPINION

Currently pending before the Court are Plaintiff's Motion for Leave to File a Second Amended Complaint [45] and Plaintiff's Notice of Voluntary Withdrawal of his Motion for Preliminary Injunction [35]. Defendants contest both the motion and notice. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004).

Rule 15(a) of the Federal Rules of Civil Procedure sets forth the standard for the amendment of pleadings. Rule 15(a) provides that, after a responsive pleading is served, a party can amend a pleading only by leave of court or by written consent of the adverse party. Rule 15(a) instructs that leave of court shall be freely given when justice so requires. Additionally, the decision whether to grant a motion to amend rests within the sound discretion of the Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should only be denied where undue delay is accompanied by prejudice, bad faith, or futility, which occurs when the proposed amendment is clearly insufficient or frivolous on its face. *Id.*; *see Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

The Court finds that any undue delay in bringing this motion will not prejudice Defendants, as discovery in this case is not yet complete. The Court does not find that Plaintiff has acted in bad

faith.  Additionally, the Court finds that Plaintiff's proposed amendment is not clearly insufficient or frivolous on its face.

Defendants also object to Plaintiff's Notice of Voluntary Withdrawal of his Motion for Preliminary Injunction.  This Court, however, holds the opinion that Plaintiff's withdrawal of his Motion for Preliminary Injunction should not preclude Plaintiff from renewing his application, if new facts warranted such an injunction.  *Cf. Red Star Yeast & Products Co. v. La Budde*, 83 F.2d 394, 295 (7th Cir. 1936) (holding that even denial of preliminary injunction should not prevent the same party from a renewed request for injunction in same suit, if the facts warrant it); *Ball v. Paramount Pictures*, 57 F. Supp. 505, 507 (W.D. Pa. 1944).

In their opposition, Defendants have failed to cite any cases that hold that a Notice of Voluntary Withdrawal should be dismissed with *prejudice* in circumstances similar to those in this case.  Defendants rely on cases decided under Rule 41 of the Federal Rules of Civil Procedure.  Yet, Rule 41 relates to a voluntary dismissal of an entire action, not the dismissal of a preliminary injunction.  A defendant's interest in the court granting a voluntary dismissal of the entire action with prejudice differs from his or her interest in the court granting a voluntary dismissal of a motion for a preliminary injunction with prejudice.  Generally, a voluntary withdrawal of a motion for preliminary injunction is granted *without prejudice*, and this Court cannot find a single case in the Fourth Circuit that holds otherwise.

Furthermore, this Court will deny Defendants' request for sanctions under 28 U.S.C. § 1927. The Fourth Circuit has ruled that a finding of counsel's "bad faith" must precede the imposition of attorney's fees under Section 1927.  *Chaudhry v. Gallerizzo,* 174 F.3d 394, 410 & n.14 (4th Cir. 1999).  While this Court is of the opinion that Plaintiff could have taken further steps to determine

whether the LLC would dissolve imminently, it is not implausible that at the time the motion was filed, Plaintiff and his attorney believed that evidence might support their position after a reasonable opportunity for further investigation or discovery. Furthermore, Plaintiff did not "multiply" the proceedings as conceived by Section 1927. Plaintiff withdrew the Motion for Preliminary Injunction before the parties argued the motion before this Court. Therefore, this Court will deny Defendants' request for sanctions, not being persuaded that proceedings were multiplied unreasonably and vexatiously as contemplated by 28 U.S.C. § 1927 or that there is sufficient evidence of bad faith as to justify an award of attorney's fees.

## **CONCLUSION**

For the aforementioned reasons, this Court will grant Plaintiff's Motion for Leave to File a Second Amended Complaint [45]. Furthermore, this Court will not impose sanctions on Plaintiff and will dismiss the request for preliminary injunction without prejudice. An Order consistent with this Opinion will follow.

Date:   October 6, 2005                                    /s/
                                                  Alexander Williams, Jr.
                                                  United States District Court